IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTOS OMAR GUZMAN HERNANDEZ,<br><br>Plaintiff,<br><br>-against-<br><br>NORM INTERNATIONAL LLC, and<br>NURETTIN OGUTOGULLARI, individually,<br><br>Defendants. | Case No. 20 Civ. 4983 |

**COMPLAINT**

Plaintiff Santos Omar Guzman Hernandez, by and through his attorneys, Kessler Matura P.C., complaining of Defendants Norm International LLC and Nurettin Ogutogullari, individually (collectively "Defendants"), alleges as follows:

**INTRODUCTION**

1. Plaintiff is a former kitchen worker in Defendants' restaurant Chop Shop Bar & Grill (the "Restaurant"). Plaintiff brings this action to seek redress against Defendants for unpaid overtime, unpaid spread-of-hours pay, and notice and wage statement violations.

2. Defendants failed to pay Plaintiff overtime pay for all hours worked over forty per workweek.

3. Defendants failed to pay Plaintiff spread-of-hours pay for all shifts in which he worked greater than ten hours in one day.

4. Plaintiff brings this unpaid overtime claim pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes and ordinances.

1

## JURISDICTION & VENUE

5. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

*Plaintiff Santos Omar Guzman Hernandez*

8. Plaintiff is an individual who resides in Suffolk County, New York.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

10. At all times relevant, Plaintiff was employed by Defendants or the Restaurant's prior ownership, to whom Defendants are a "successor," as a kitchen worker.

11. Plaintiff expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

*Defendant Norm International LLC*

12. Defendant Norm International LLC is a foreign limited liability company registered to do business in the State of New York.

13. Defendant Norm International LLC is doing business as Chop Shop Bar & Grill.

14. Defendant Norm International LLC maintains its principal place of business at 47 East Main Street, Smithtown, New York 11787.

15. Defendant Norm International LLC purchased the Restaurant in or around May 2018.

16. Subsequent to its purchase of the Restaurant, Defendant Norm International LLC kept the same Restaurant name: Chop Shop Bar & Grill.

17. After purchase, Defendant Norm International LLC continued to operate the Restaurant in the same location.

18. Defendant Norm International LLC kept the same internal and external décor after its purchase of the Restaurant.

19. Defendant Norm International LLC purchased the Restaurant's equipment from the Restaurant's prior ownership and continued its use.

20. Defendant Norm International LLC uses the same Restaurant website URL and design as the previous Restaurant owner.

21. Defendant Norm International LLC kept the employees who worked at the Restaurant under its previous ownership.

22. After purchase, Defendant Norm International LLC maintained the same onsite management that had overseen the Restaurant under the previous owner.

23. Defendant Norm International LLC kept the same menu as under previous ownership.

24. Upon information and belief, with the purchase of the Restaurant, Defendant Norm International LLC assumed the liabilities of the Restaurant's prior ownership.

25. At all times hereinafter mentioned, Defendant Norm International LLC was an "employer" within the meaning of all applicable statutes.

26. At all times hereinafter mentioned, the activities of Defendant Norm International LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

27. At all times hereinafter mentioned, Defendant Norm International LLC employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

28. Defendant Norm International LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

29. At all relevant times, Defendant Norm International LLC maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to Plaintiff.

***Defendant Nurettin Ogutogullari***

30. Defendant Nurettin Ogutogullari is the sole officer of Defendant Norm International LLC.

31. Defendant Nurettin Ogutogullari is registered with the New York State Liquor Authority as the principal of Defendant Norm International LLC.

32. Upon information and belief, and at all times hereinafter mentioned, Defendant Nurettin Ogutogullari owned and/or operated Defendant Norm International LLC.

33. Defendant Nurettin Ogutogullari is an agent of Defendant Norm International LLC.

34. Defendant Nurettin Ogutogullari is regularly present at the Restaurant.

35. Upon information and belief, Defendant Nurettin Ogutogullari has authority over personnel decisions for the Restaurant.

36. Upon information and belief, Defendant Nurettin Ogutogullari has authority over payroll decisions for the Restaurant's employees.

37. Upon information and belief, Defendant Nurettin Ogutogullari has the authority to hire and fire employees of the Restaurant.

38. Upon information and belief, Defendant Nurettin Ogutogullari has the power to make binding decisions for Defendant Norm International LLC.

39. Upon information and belief, Defendant Nurettin Ogutogullari has the power to transfer the assets or liabilities of Defendant Norm International LLC.

40. Upon information and belief, Defendant Nurettin Ogutogullari has the power to declare bankruptcy on behalf of Defendant Norm International LLC.

41. Upon information and belief, Defendant Nurettin Ogutogullari has the power to enter into contracts on behalf of Defendant Norm International LLC.

42. Defendant Nurettin Ogutogullari is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FACTUAL ALLEGATIONS

43. Plaintiff was employed at the Restaurant starting in June 2017 as a dishwasher.

44. Plaintiff received $525 per week during his employment as a dishwasher.

45. Plaintiff's job duties as dishwasher included washing dishes and shoveling snow subsequent to any snowstorm.

46. In or around June 2018, Plaintiff changed position to be a cook.

47. Plaintiff received $700 per week during his employment as a cook.

48. Plaintiffs job duties as cook included work at the kitchen's fry station and preparation of salads, sushi rolls, and desserts.

49. In Plaintiff's position as dishwasher and cook, Plaintiff was also responsible for taking out garbage, unpacking food deliveries, and cleaning fry filters.

50. Plaintiff consistently worked over 40 hours a week.

51. Defendants failed to compensate Plaintiff for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his regular rate of pay, throughout the entire term of his employment at the Restaurant.

52. Plaintiff regularly worked greater than 10 hours in one shift.

53. However, throughout Plaintiff's employment, Defendants failed to compensate an additional hour of pay at the minimum wage for every shift in which he worked greater than 10 hours.

54. Defendants failed to furnish Plaintiff with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

55. Defendants failed to furnish Plaintiff with the hiring notice required by NYLL.

56. Defendants managed Plaintiff's employment, including his schedule and the amount of overtime worked.

57. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

58. Defendants were aware of Plaintiff's work hours but failed to pay Plaintiff the full amount of wages due under the law.

59. Defendants' failure to pay proper wages in a timely manner or furnish proper wage statements and hiring notice was without good faith, willful, and with a reckless disregard for Plaintiff's rights.

## FIRST CAUSE OF ACTION
## FLSA – Overtime Wages

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff was a non-exempt employee entitled to be paid overtime compensation for all overtime hours worked.

62. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

63. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

64. However, none of the Section 13 exemptions apply to the Plaintiff because he did not meet the requirements for coverage under the exemptions.

65. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff.

66. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

67. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to them in the amount of the unpaid

7

overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

70. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

71. By the course of conduct set forth above, Defendants and prior Restaurant ownership have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 146-1.4.

72. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

73. Defendant's failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

74. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Spread of Hours Pay

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants failed to pay Plaintiff one additional hour pay at the minimum wage rate for each day the spread of hours was greater than ten hours, in violation of N.Y. Lab. Law § 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

78. Defendants failed to pay Plaintiff such wages in a timely fashion, as required by Article 6 of the NYLL.

79. Defendants failure to pay Plaintiff an additional hour of pay for each day the spread of hours was greater than 10, was willful within the meaning of N.Y. Lab. Law § 663.

80. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and the Defendants are indebted to him in the amount of the unpaid spread of hours compensation and such other legal and equitable relief as the Court deems just and proper.

81. Plaintiff seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendants as provided by the NYLL.

### FOURTH CAUSE OF ACTION
### NYLL – Failure to Provide Proper Wage Notice

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants failed to supply Plaintiff with proper wage notices, as required by N.Y. Lab. Law § 195(1), in English or in the language identified as his primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and, the telephone number of the employer.

84. Due to Defendants violations of N.Y. Lab. Law § 195(1), Plaintiff is entitled to statutory penalties of $50 dollars each workday that Defendants and prior Restaurant ownership failed to provide Plaintiff with annual wage notices, or a total of $5,000, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198(1-b).

## FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by N.Y. Lab. Law § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87. Due to Defendants violations of N.Y. Lab. Law § 195(3), Plaintiff is entitled to statutory penalties of $250 dollars for each workday that Defendants and prior Restaurant ownership

failed to provide him with accurate wage statements, or a total of $5,000 dollars, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guzman Hernandez seeks the following relief:

A.  Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B.  Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

C.  Unpaid spread-of-hours pay and liquidated damages permitted by law pursuant to the NYLL;

D.  Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

E.  Pre-judgment interest and post-judgment interest as provided by law;

F.  Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

G.  Attorneys' fees and costs of the action; and

H.  Such other relief as this Court shall deem just and proper.

[Signature block on next page]

Dated: Melville, New York
      October 15, 2020                             Respectfully submitted,

                                                         **KESSLER MATURA P.C.**

                                                         By: /s/ Troy L. Kessler
                                                              Troy L. Kessler

                                                         534 Broadhollow Road, Suite 275
                                                         Melville, NY 11747
                                                         (631) 499-9100
                                                         tkessler@kesslermatura.com

                                                         *Attorneys for Plaintiff*